**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

DOUG INGRAM, et al.,                          )
                                             )
            Plaintiffs,                       )
v.                                           )    Case No. 04-CV-287-EA(C)
                                             )
SOLKATRONIC CHEMICAL, INC. and  JEFF          )
R. HANNIS, and AIR PRODUCTS AND               )
CHEMICALS, INC., a Delaware Corporation,      )
et al.                                        )
                                             )
            Defendants.                       )

**PLAINTIFFS' RESPONSE TO DEFENDANT SOLKATRONIC CHEMICAL INC.'S MOTION TO STRIKE DR. GAD'S SECOND EXPERT REPORT, AND BRIEF IN SUPPORT**

**COME NOW** the Plaintiffs, by and through their attorneys of record, Richardson, Stoops, Richardson & Ward, and in response to Defendant, Solkatronic Chemical, Inc.'s motion to strike the second report of Plaintiffs' expert, Dr. Shayne Gad, respond as follows:

1.    Defendant's motion to strike the second report of Dr. Gad, purportedly based on Dr. Gad's "new theory of causation," is groundless.  Defendant attempts to assert prejudice by complaining that Plaintiffs have asserted a new theory of chronic exposure in addition to Plaintiffs' theory of acute exposure.  Plaintiffs' chronic exposure to low levels of arsine is not a new theory.  Defendant's allegation of a new theory of chronic exposure is belied by Defendant's claim that any exposure of individual Plaintiffs was "non-toxic" and "*non-acute*".  (*See* Defendant's motion at page 8.)  Furthermore, it is difficult to ascertain how Defendant has been prejudiced by the supplementation of opinions contained in Dr. Gad's second report in light of the fact that Dr. Gad will be deposed by Defendant on July 11-12, 2005, and there is no trial date presently set in this case.

2.    Defendant admits at page 2 of its motion that "Plaintiffs make reference in their Complaint to the possibility of other releases." Defendant's repeated environmental releases were asserted in Plaintiffs' original Petition filed in Rogers County District Court on September 28, 2001. In Plaintiffs' Complaint filed in this Court, Plaintiffs' allege at Number 23 on page 10: "These releases have likely caused acute and chronic exposure symptoms in the plaintiffs."

3.    Facts to support Plaintiffs' allegation of chronic exposure in Plaintiffs' Complaint have been developed during discovery. Defendant recently deposed Terry Morris and Bruce Stewart who are employees of an electrical contractor hired by Solkatronic. Mr. Morris and Mr. Stewart had previously provided affidavits in this case, prior to the deadline for fact discovery. Their testimony demonstrates that the release of arsine gas at the Solkatronic facility was not restricted to July 11, 2001, and that exposure occurred over a more expansive period of time.

4.    On April 28, 2005, Defendant filed its Motion to Compel and Application to Amend Scheduling Order. Defendant's request for an amended scheduling order was based on a request for additional time to depose experts and prepare *Daubert* and dispositive motions due, in part, to Plaintiffs' "new theory of causation." Defendant's request for relief was granted on May 16, 2005 when this Court entered an Amended Scheduling Order. Defendant now seeks extraordinary relief in the form of striking Plaintiffs' expert's supplemental report.

5.    Although Defendant's experts did not opine regarding a specific theory of "chronic exposure," Defendant's argument that Solkatronic's expert reports concentrated solely on Plaintiffs' acute exposure theory is misleading. Defendant's experts have adopted a theory of "no exposure." Defendant's expert, Dean Carter, Ph.D., actually questions whether the gas

released at the Port of Catoosa was arsine gas. (*See* Defendant's Exhibit 11.) Dr. Carter concludes that whether or not the release was arsine gas, Plaintiffs were not exposed to arsine. Although Defendant's expert, Steven Pike, M.D., acknowledges that there was a confirmed release of arsine gas, Dr. Pike agrees with Dr. Carter that there was no exposure to arsine gas. (*See* Defendant's Exhibit 10.) Defendant's expert, William Banner, M.D., was asked to review the medical records of the thirteen (13) Plaintiffs selected for the first trial of this matter, including current symptoms and medical problems. Dr. Banner concluded: "None of the patients I have reviewed demonstrated evidence of clinical arsine poisoning. Therefore, I conclude to a reasonable degree of medical certainty that none of these thirteen (13) cases demonstrate any injury from exposure to arsine much less from arsine poisoning." (*See* Defendant's Exhibit 9.) Dr. Banner's conclusions are not contingent upon a differentiation between acute and chronic exposure. It is Defendant's position that the medical findings are consistent with no exposure. Defendant's experts' opinions will be the same whether the allegation is acute exposure or chronic exposure.

6.   Contrary to Defendant's rantings about the requirements of the federal rules, Plaintiffs have not violated any rule in regard to Dr. Gad's report. Following initial disclosures, expert disclosures shall be made at least 90 days before the trial date. FED. R. CIV. P. 26(a)(2)(C). Supplementation of expert disclosures must be made at least 30 days before trial. FED. R. CIV. P. 26(a)(3) and (e)(1). Because Defendant sought affirmative relief from this Court in its Motion to Compel and Application to Amend Scheduling Order, the Scheduling Order was amended, and the trial date was stricken to be reset upon application of the parties. Plaintiffs' disclosures regarding a theory of chronic exposure are timely, including the second report of Dr.

Gad.  Defendant's allegation of "additional delay" has no basis.  It was Defendant who moved for a new scheduling order, which prompted the striking of the trial date in this matter.

7.    Defendant argues that Dr. Gad's initial report was not in compliance with FED. R. CIV. P. 26(a)(2)(B) as it did not "contain a complete statement of all opinions to be expressed and the basis and reasons therefor."  However, Defendant has not moved to strike Dr. Gad's initial report.  Defendant moves to strike Dr. Gad's second report because it contains an opinion not expressed in the initial report.  "Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless."  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir.2002)  In considering whether proffered evidence violates Rule 26(a), the Court should consider the following factors: '(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.' *Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir.2002), quoting *Woodworker's Supply v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999).

8.    Whether Dr. Gad's second report is termed a rebuttal report or supplemental report, an application of the factors discussed in *Jacobsen* show that Plaintiffs have not violated Rule 26(a) by offering Dr. Gad's second report.  Defendant clearly cannot demonstrate prejudice or even surprise.  Defendant has been on notice of Plaintiffs' claim of chronic exposure since day one of this litigation, and Plaintiffs' experts have not yet been deposed.  Even if Defendant could demonstrate prejudice, there is no trial date, and Defendant has ample time to cure any prejudice before trial.  Since there is presently no trial date, Plaintiffs' evidence of chronic exposure will

4

not disrupt the trial. Lastly, there has been no allegation of bad faith or willfulness on either side. Even if there were some merit to Defendant's contention that Plaintiffs have violated Rule 26(a), any violation is harmless; therefore, this Court should refuse to strike Dr. Gad's second report. *Jacobsen*.

9. Despite Defendant's accusations, Plaintiffs' theory of chronic exposure is not new and is not unsubstantiated. Defendant's suggestion that Dr. Gad's second report shifts the burden of proof in this case to Defendant is nonsense. Many of Defendant's criticisms of Dr. Gad's second report, like its lack of a factual, scientific, or logical basis, are not properly raised in a motion to strike, but are better left for the inevitable *Daubert* motion. Defendant states at page 18 of its motion, "As Solkatronic's expert, Dr. Pike notes, Dr. Gad's second report raises a number of issues and questions that Dr. Gad did not explain. . . Even the most basic questions were left unanswered. For example, when and where did the alleged releases occur? What was the frequency and duration of the releases? What were the concentration levels of the releases? Which Plaintiffs were allegedly exposed during which releases? At what levels?" Certainly, Defendant will have the opportunity to ask Dr. Gad these questions, and cross-examine him regarding Defendant's various criticisms, on July 11, 2005 during Dr. Gad's expert deposition.

**WHEREFORE**, premises considered, Plaintiffs pray that Defendant, Solkatronic Chemical, Inc.'s, Motion to Strike Dr. Gad's Second Expert Report and Brief in Support be denied.

Respectfully submitted,

**RICHARDSON, STOOPS,
RICHARDSON & WARD**


**/s/ E. Diane Hinkle**
**Keith A. Ward, OBA No. 9346**
**Fred E. Stoops, OBA No. 8666**
**E. Diane Hinkle, OBA No. 14744**
**6555 S. Lewis**
**Tulsa, OK 74136**
**(918) 492-7674**
**(918) 493-1925 Facsimile**

**Attorneys for the Plaintiffs**


## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2005, a true and correct copy of the above and foregoing instrument was transmitted via the Court's electronic filing system to:

John H. Tucker
Andrew D. Downing
Kerry R. Lewis
RHODES, HIERONYMUS, JONES
TUCKER & GABLE, PLLC
100 W. Fifth Street, Ste. 400
P.O. Box 21100
Tulsa, OK 74121-1100


/s/ E. Diane Hinkle
Richardson, Stoops, Richardson & Ward

6