UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUG INGRAM, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 04-CV-0287-CVE-PJC |
| ) | |
| SOLKATRONIC CHEMICAL, INC., ) | |
| JEFF HANNIS, and AIR PRODUCTS ) | |
| AND CHEMICALS, INC., a Delaware ) | |
| corporation, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant Jeff. R. Hannis's Motion to Dismiss and Brief in Support (Dkt. # 9). Defendant Jeff R. Hannis ("Hannis") seeks to dismiss plaintiffs' various tort claims against him on the ground that the statute of limitations has run on those claims.

**I.**

Plaintiffs' claims arise from their alleged exposure to arsine gas, after an accidental release of that substance from the Solkatronic facility located on the Port of Catoosa on July 11, 2001. Plaintiffs originally filed an action in the District Court for Rogers County, but, after filing multiple amended petitions with that court, dismissed their state court suit on April 12, 2004. Plaintiffs filed their complaint in this Court on April 2, 2004, alleging public and private nuisance, negligence, strict liability, medical monitoring, and intentional infliction of emotional distress.[1]

Hannis argues that all of plaintiffs' claims against him are barred by the applicable statute of limitations, Okla. Stat. tit. 12, § 95(3), which provides for a two-year period within which a party

---

[1] Defendants represent that plaintiffs did not claim intentional infliction of emotional distress in their state court action. Plaintiffs do not contest this representation.

may bring "an action for injury to the right of another not arising in contract." Id. He contends that the Oklahoma savings statute, Okla. Stat. tit. 12, § 100, does not apply to plaintiffs' claims because plaintiffs named "Jeff R. Harris," rather than "Jeff R. Hannis" in their state court action. Plaintiffs respond that their claims against defendant remain viable by virtue of the Oklahoma savings statute, or, alternatively, that their federal complaint relates back to their original state court petition, pursuant to Rule 15 of the Federal Rules of Civil Procedure.

## II.

A motion to dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is properly granted when it appears beyond doubt that plaintiffs could prove no set of facts entitling them to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ramirez v. Dep't of Corr., 222 F.3d 1238, 1240 (10th Cir. 2000). In making this determination, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiffs. Id. However, the Court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "The issue is not whether plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support [their] claims." Cooper Mfg. Corp. v. Home Indem. Co., 131 F. Supp. 2d 1230, 1232 (N.D. Okla. 2001). A statute of limitations question may be resolved on a Rule 12(b)(6) motion. Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

### III.

The Oklahoma savings statute, provides in pertinent part:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12, § 100. In order for section 100 to apply, a refiled action must be based "on the same cause of action as the originally filed action and must be against substantially the same parties." Nusbaum v. Knobbe, 23 P.3d 302, 304 (Okla. Civ. App. 2001); see also Haught v. Cont'l Oil, 136 P.2d 691, 693 (Okla. 1943). Because of the remedial nature of the savings statute, courts are to construe liberally its provisions. Ross v. Kelsey Hayes, Inc., 825 P.2d 1273, 1277 (Okla. 1991). Since it is clear that, absent the savings statute, plaintiffs' claims against Hannis are time-barred, the Court must address whether the Oklahoma statute preserves plaintiffs' otherwise untimely action.

Hannis argues that since plaintiffs neither named nor served him in the state court action, the savings statute does not apply to plaintiffs' claims against him. The Oklahoma Supreme Court has rejected the argument that the applicability of the savings statute is contingent upon service on a defendant of the original petition. In Ross, the plaintiff, Ross, filed suit against Bridgestone/Firestone, Inc., after a tire manufactured by the corporation exploded while Ross attempted to inflate it. The accident occurred on December 7, 1987, and Ross filed his lawsuit on July 21, 1989. Without serving Bridgestone/Firestone with notice of suit, Ross dismissed the suit without prejudice on November 21, 1989. Ross filed a new action on October 21, 1990, after the statute of limitations on his claim had run, but within the time frame required by the savings statute.

Bridgestone/Firestone moved to dismiss Ross's claims on the ground that the suit was time-barred and insisted that because plaintiff did not serve it with notice of suit in the original action, the savings statute could not redeem plaintiff's claim. Bridgestone/Firestone offered a two-pronged argument in support of its position. It contended, first, that, because Ross never served it in the original action, the first suit was not "commenced in due time," as required by the savings statute. Second, Bridgestone/Firestone claimed that permitting Ross the benefit of the savings statute, after he failed to serve defendant with notice of the first suit, constituted a violation of defendant's right to due process under the state and federal constitutions.

The Oklahoma Supreme Court rejected both claims. As to defendant's statutory argument, the court held that an action is commenced, for statute of limitation purposes, when a plaintiff files an action with the court, not when a defendant is served, thereby making an action "commenced in due time" under the savings statute even if a defendant has not yet been served. Id. at 1277-78. The court, similarly, refused to adopt defendant's due process argument, finding that defendant had no protectable property interest in the statute of limitations. Id. at 1278-79. Accordingly, the court concluded that the protections of the savings statute "extend to a party who timely files a case and later dismisses the cause without prejudice and without having served the defendant with summons in the original cause." Id. at 1279. Under Ross, plaintiffs' failure to serve Hannis with summons in the original state court action is not grounds for denying them the coverage of the savings statute.

Thus, the remaining question is whether the Oklahoma savings statute may preserve a claim where a plaintiff misspells a defendant's name in his original pleading and later spells the name correctly. The Court has found no Oklahoma case addressing the application of the Oklahoma statute to such a situation. Case law growing out of section 100 makes clear, however, that the

4

appropriate inquiry is whether the "Jeff R. Harris" named in plaintiffs' state court petitions is substantially the same party as the "Jeff R. Hannis" named in the action filed with this Court. Clark v. Phillips Petroleum Co., 677 P.2d 1092, 1095 (Okla. Civ. App. 1984) ("The general rule concerning subject statute is that the second suit must allege substantially the same cause of action and feature substantially the same parties as the first one.").

Plaintiffs concede that they misspelled Hannis's last name in their state court pleadings. Hannis argues, in essence, that in misspelling his last name in the original state court action, plaintiffs filed a claim against a distinct, unrelated party. This argument is unpersuasive. Jeff R. Hannis was employed by Solkatronic at the time of the accident and responsible for "safety environmental issues." Defendant Jeff R. Hannis' Reply in Support of His Motion to Dismiss (Dkt. # 14), Ex. B, Deposition of Eugene Ngai. Defendant cannot seriously maintain that by misspelling Hannis's name, plaintiffs sought relief against someone other than this individual. Jeff R. Hannis is not merely "substantially identical" or "substantially similar" to Jeff R. Harris; he is the identical individual. The Court declines to embrace any illusion to the contrary. See C&C Tile Co., Inc. v. Independent Sch. Dist., 503 P.2d 554, 559 (Okla. 1972) ("A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice. . . . If it names them in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.") (quoting United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1974)) (vacated on other grounds).

Hannis's motion to dismiss amounts to a request that the Court deny plaintiffs an opportunity to pursue their claims against him solely because they misspelled his name in their initial state court

pleadings.  The Oklahoma savings statute is a remedial in nature, Ross, 825 P.2d at 1277, and the Court concludes that reducing the frequency of such harsh results as a consequence of a minor technical errors is among the statute's purposes.  See Nusbam, 23 P.3d at 304 (noting that savings statute is to be "liberally construed so as to cover all cases which may come within its terms by intendment").  Because "Jeff R. Harris" is substantially identical to "Jeff R. Hannis," the Court rejects defendant Hannis's motion to dismiss plaintiff's claims of public and private nuisance, negligence, strict liability, and medical monitoring.[2]

The Court reaches a different conclusion as to plaintiffs' claim of intentional infliction of emotional distress.  Because plaintiffs did not include that claim in their original state court pleading, it does not constitute a "substantially similar" cause of action for the purposes of the savings statute.  Without the application of the savings statute, that claim is time-barred by the statute of limitations.

**IT IS THEREFORE ORDERED** that defendant Jeff's R. Hannis's motion to dismiss (Dkt. # 9) is hereby **granted in part** and **denied in part**.  It is granted as to plaintiffs' claim of intentional infliction of emotional distress and denied as to plaintiffs' remaining claims of public and private nuisance, negligence, strict liability, and medical monitoring.

**DATED** this 10th day of November, 2005.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2]  Defendant correctly points out that Rule 15(c)'s relation back rule is inapplicable here.  An amendment of a pleading permitted under Rule 15 does not relate back to any prior proceedings which are not part of the action in question.  Rayo v. State of New York, 882 F. Supp. 37, 40 (N.D.N.Y. 1995).  Specifically, a complaint filed in federal court may not relate back to a petition filed in state court.  See Johnston v. Young, 57 Fed. Appx. 392, (10th Cir. 2003) ("Mr. Johnson seeks to have his federal complaint 'relate back' to his state filing, thereby making it timely.  Such a unique application of the 'relation back' doctrine, for which Mr. Johnson offers no authority, violates a fair reading of Fed. R. Civ. P. 15(c) and offends accepted principles of federal-state comity.").